UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADIL BIN MUHAMMAD AL WIRGHI,
    Detainee,
    Guantánamo Bay Naval Station
    Guantánamo Bay, Cuba,

MOAZZAM BEGG,
    as Next Friend of
    Adil bin Muhammad al Wirghi,

    Petitioners,

    v.

GEORGE W. BUSH, DONALD RUMSFELD,
ARMY BRIG. GEN. JAY HOOD, and ARMY
COL. MIKE BUMGARNER,

    Respondents.

No.  05-CV-1497 (RCL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONERS' MEMORANDUM IN OPPOSITION TO RESPONDENTS'
MOTION FOR ORDER TO SHOW CAUSE**

Petitioners Adil Bin Muhammad al Wirghi and Moazzam Begg, through their undersigned counsel, submit this Memorandum in Opposition to Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed For Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Motion for Order to Show Cause").

**I.    Respondents' Motion for Order to Show Cause Should Be Denied.**

Respondents argue that Petitioners have "failed to demonstrate that the detainees for whom habeas relief is sought cannot submit petitions on their own behalf." (Motion for Order to Show Cause at 7.)  However, since counsel have not been permitted

to meet with Mr. al Wirghi and have no access to information about his ability to prepare and file a habeas corpus petition on his own behalf other than Respondents' selective and demonstrably incomplete factual submission, the bar that Respondents would raise to the Next Friend petition filed by Mr. Begg on Mr. al Wirghi's behalf is insuperable; it requires a showing that, in the distinctive circumstances of the detainees at Guantánamo Bay Naval Station ("Guantánamo Bay"), could never be made when a petition is filed.

Moreover, Respondents' argument ignores the following undisputed facts:

- Mr. al Wirghi pleaded with Mr. Begg across cell blocks at Guantánamo Bay to help him. (Supplemental Declaration of Moazzam Begg, dated September 10, 2005 ("Begg Supp. Decl.") ¶ 6 (attached as Exhibit 1).)

- Mr. al Wirghi specifically asked Mr. Begg to help him find "legal assistance," and Mr. Begg promised that he would do so. (*Id.* ¶¶ 6, 8.)

- Upon receiving security clearance, undersigned counsel are prepared to travel promptly to Guantánamo Bay to seek, among other things, authorization from Mr. al Wirghi to represent him. (Declaration of Michael A. Cooper, dated September 12, 2005 ("Cooper Decl.") ¶ 12 (attached as Exhibit 2).)[1]

Such authorization from Mr. al Wirghi would render moot the Order to Show Cause sought by Respondents. Because counsel have not yet been afforded the opportunity to meet with Mr. al Wirghi, Respondents' Motion is premature and unwarranted.

---

[1] As part of his plea for help, Mr. al Wirghi also provided Mr. Begg with information about his family. (Begg Supp. Decl. ¶ 7.) Counsel for Mr. al Wirghi have been trying diligently to communicate with Mr. al Wirghi's family but have not yet been able to make contact. (Cooper Decl. ¶¶ 7-9.)

- 2 -

Instead of expediting procedures for counsel to meet with Mr. al Wirghi, Respondents have attempted to create yet another hurdle for detainees like Mr. al Wirghi who seek legal representation. The very need for Mr. Begg to act as Mr. al Wirghi's Next Friend is due to Respondents' *own* policies. According to the Department of Defense, "the only counsel currently provided access to the detainees are counsel who are employed or retained by or on behalf of a detainee for purposes of representing the detainee in habeas corpus or other litigation in federal court in the United States . . . ." (Letter to Mr. Shayana Kadidal, dated November 2, 2004, Exhibit E to Declaration of Barbara Olshansky, dated September 9, 2005 (attached as Exhibit 3).) Therefore, counsel must first file a habeas corpus petition on behalf of a detainee in order to meet with the detainee, and the only petition that counsel can file before such a meeting is a Next Friend petition.

Respondents' Motion for Order to Show Cause effectively seeks to preclude undersigned counsel from achieving the status of "counsel who are employed or retained by or on behalf of" Mr. al Wirghi. In short, Respondents are seeking to prevent Mr. al Wirghi from ever meeting attorneys whose assistance he expressly requested through Mr. Begg.

Respondents' position is particularly untenable in light of the fact that Mr. al Wirghi acted consistently with Respondents' *own* procedures. As stated in Respondents' Enemy Combatant Notification, a detainee at Guantánamo Bay may:

> ask a civilian judge to look at the lawfulness of [his] detention through a process called a petition for a writ of habeas corpus. [He] may *ask a friend* or family member or a lawyer to file such a petition with the court. If [he does] not have a lawyer or a family member or friend who could

- 3 -

file this petition for [him], [he] may file [his] own petition.
(Enemy Combatant Notification, Exhibit A to the Declaration of Frank Sweigart, dated August 31, 2005 filed with Motion for Order to Show Cause (emphasis added).)  The Notification refers simply to a "friend"; it does not say "an individual satisfying the standing requirements under federal law for Next Friend status."  Mr. al Wirghi did what Respondents advised him he might do; he asked a friend for help.  As Next Friend, Mr. Begg fulfilled his promise to Mr. al Wirghi and filed a habeas corpus petition (through counsel) on Mr. al Wirghi's behalf in order to secure access to counsel and help him challenge the legality of his detention.

In addition to contravening their advice to detainees such as Mr. al Wirghi, Respondents' Motion contradicts the position they have taken in other habeas corpus proceedings in this Court.  Respondents have explicitly acknowledged the propriety of the Next Friend standing of fellow detainees such as Mr. Begg in *John Does 1-570* v. *Bush*, No. 05-CV-0313 (CKK) (D.D.C.).  In disputing petitioners' argument that detainees had been denied access to the courts in that case, Respondents stated that the "vast majority of these detainees have filed petitions through other individuals acting as *legitimate next friends* – family members, an attorney who already represented the detainee in pending military commission proceedings, and *fellow detainees*."  (Motion to Dismiss Petition for Writ of Habeas Corpus or, In the Alternative, To Stay Proceedings Pending Related Appeals and Memorandum in Support at 15-16 (emphasis added) attached as Exhibit 4).)

Finally, Respondents' sweeping generalization that "all detainees" at Guantánamo Bay have been notified of their right to submit habeas corpus petitions

(Motion for Order to Show Cause at 9) leaves unanswered critical factual questions, including (i) whether Mr. al Wirghi personally received the notice of his right to file a habeas petition, (ii) whether (assuming he received the notice) he understood its contents, (iii) whether he knew and understood the requirements for preparing and filing a habeas petition, and (iv) whether, as a detainee in Block Romeo (Begg Supp. Decl. ¶ 5), Mr. al Wirghi was provided access to a pen and paper and was permitted to send and receive mail.  Denial of Respondents' Motion will obviate the necessity of addressing and answering these questions (and others) that must be answered before determining whether Mr. al Wirghi has had realistic "access" to this Court to file a habeas corpus petition.

II.     **Respondents' Motion for a Stay Should Be Denied, and Respondents Should Be Ordered to File a Factual Return.**

Respondents argue that, in the alternative, this Court should stay Mr. al Wirghi's case until "the resolution of *all appeals*" in three cases pending in the Federal District Court for the District of Columbia (Motion for Order to Show Cause at 5, 15 (emphasis added)), presumably including any proceedings in the United States Supreme Court following the Court of Appeals' decision of the appeals argued on September 8, 2005.  It is now fourteen and one-half months since the Supreme Court held that "§ 2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantánamo Bay Naval Base."  *Rasul* v. *Bush*, 124 S. Ct. 2686, 2698 (2004).  And Mr. al Wirghi has been detained "since early 2002," more than three years.  (Begg Supp. Decl. ¶ 3.)  The stay requested by Respondents is, under these circumstances, unreasonably long and should be denied.

If this Court denies Respondents' Motion seeking an immediate determination of Mr. Begg's Next Friend standing, then whether or not a stay is granted, Respondents should be required to file a factual return. The return for Mr. al Wirghi will consist of classified and unclassified versions of the administrative record of the Combatant Status Review Tribunal proceedings that determined his status as an enemy combatant. Respondents have already been required to file factual returns in the cases of other Guantánamo Bay detainees whose habeas corpus petitions are pending in this Court. And in at least six pending cases, Respondents have been ordered to file factual returns even while the cases have been otherwise stayed.[2]

---

[2] *See, e.g.*, *Kurnaz* v. *Bush*, 04-CV-01135 (ESH), 2005 WL 8329542, at *1 (D.D.C. Apr. 12, 2005) (stating that habeas counsel require access to the full factual returns now "to ensure that the proceedings can continue in an orderly fashion in the event that detainees prevail on appeal"); *Al-Adahi* v. *Bush*, 05-CV-00280 (GK), slip op. at 2 & n.1 (D.D.C. Apr. 29, 2005) (ordering production of factual returns so that petitioners' counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals"); *Al-Anazi* v. *Bush*, 05-CV-00345 (JBD), slip op. at 20 (D.D.C. Apr. 21, 2005) (ordering the U.S. Government to produce factual returns and noting that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information"); *see also Al-Shamri* v. *Bush*, 05-CV-00551 (RWR), slip op. at 4 (D.D.C. May 10, 2005) (staying proceedings but ordering the Government to produce factual returns); *El-Banna* v. *Bush*, 04-CV-01144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (same); *Errachidi* v. *Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (same).

**Conclusion**

Respondents' Motion for Order to Show Cause challenging Mr. Begg's Next Friend standing should be denied. Undersigned counsel should be granted the opportunity to meet with Mr. al Wirghi as soon as possible to obtain his authorization of representation, which would render Respondents' Motion moot. Respondents' alternative request for a stay should be denied, but whether or not the proceedings are otherwise stayed, this Court should require Respondents to file a factual return for Mr. al Wirghi.

Dated: September 12, 2005              Respectfully submitted,

     /s/ Michael A. Cooper
Michael A. Cooper
Suhana S. Han
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Petitioners Adil bin Muhammad al Wirghi and Moazzam Begg*

Of Counsel
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel.: (212) 614-6439
Fax: (212) 614-6499

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ADIL BIN MUHAMMAD AL WIRGHI,              :
     Detainee,                            :
     Guantánamo Bay Naval Station         :
     Guantánamo Bay, Cuba,                :
                                          :
MOAZZAM BEGG,                             :
     as Next Friend of                    :
     Adil bin Muhammad al Wirghi,         :
                                          :
          Petitioners,                    :   No. 05-CV-1497 (RCL)
                                          :
          v.                              :
                                          :
GEORGE W. BUSH, DONALD RUMSFELD,          :
ARMY BRIG. GEN. JAY HOOD, and ARMY        :
COL. MIKE BUMGARNER,                      :
                                          :
          Respondents.                    :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## (PROPOSED) ORDER

Having considered Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed For Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination, it is hereby

ORDERED that Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed For Lack of Proper "Next Friend" Standing is DENIED. It is further

ORDERED that Respondents' Motion to Stay Proceedings is DENIED, and Respondents are ORDERED to file a factual return by September ____, 2005.

IT IS SO ORDERED.


Dated: _____                    _____
                                                                Royce C. Lamberth
                                                                United States District Judge