UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ADIL BIN MUHAMMAD AL WIRGHI,
    Detainee,
    Guantánamo Bay Naval Station
    Guantánamo Bay, Cuba,

TAWISS BINT HASAN AL WIRGHI,
    as Next Friend of
    Adil bin Muhammad al Wirghi,
    Petitioners,    No. 05-CV-1497 (RCL)

    v.    ORAL ARGUMENT
GEORGE W. BUSH, DONALD RUMSFELD,    REQUESTED
ARMY BRIG. GEN. JAY HOOD, and ARMY
COL. MIKE BUMGARNER,

    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PETITIONERS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi, through their undersigned counsel, submit this memorandum in support of their motion for an order in the form annexed hereto as Exhibit 1 directing entry of (i) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, dated November 8, 2004; (ii) the Order Addressing Designation Procedures for "Protected Information," dated November 10, 2004; and (iii) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004 Amended Protective Order, dated December 13, 2004

(collectively, the "Protective Order").[1] (*See* Exhibits 2-4.) The Protective Order was first issued by then-Coordinating Judge Joyce Hens Green in *In re Guantánamo Bay Detainee Cases* and has since been entered in numerous other habeas proceedings in the courts of this District.

## BACKGROUND

On July 29, 2005, Petitioner Adil bin Muhammad al Wirghi, a Tunisian citizen detained at the United States Naval Base in Guantánamo Bay, filed a writ of habeas corpus through his Next Friend Moazzam Begg, a former detainee. On August 31, 2005, instead of filing a factual return stating the basis for Mr. al Wirghi's detention, Respondents filed a Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination. (*See* Docket Entry No. 3.)

Respondents' motion for order to show cause effectively sought to preclude Mr. al Wirghi from meeting with his attorneys, even though he had expressly requested the assistance of counsel. (*See* Exhibit 5, Declaration of Tawiss bint Hasan al Wirghi at ¶¶ 6, 10.) As explained more fully in Petitioners' opposition papers, in the "Alice in Wonderland" world of detainee litigation, Respondents sought dismissal on the ground that Next Friend standing was inappropriate even though Respondents' own

---

[1]  Although Petitioners are moving for entry of the Protective Order, they reserve the right to challenge or seek modification of particular terms of the Protective Order in the future, and to ask this Court to review any designation made by Respondents of particular information as "protected."

policies and procedures prevented undersigned counsel from meeting with Mr. al Wirghi to obtain direct authorization to represent him. (*See* Docket Entry No. 5 at 1-5.)

On December 1, 2005, Mr. al Wirghi filed an amended habeas petition through his Next Friend and mother, Tawiss bint Hasan al Wirghi. On January 11, 2006, in light of this new family member Next Friend, Respondents withdrew their Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing. (*See* Docket Entry No. 12.)  Respondents, however, did not withdraw their Motion to Stay Proceedings. (*See id.*)

Respondents' Motion to Stay Proceedings is still pending, and Respondents have refused to provide a factual return.  In the meantime, undersigned counsel for Petitioners have sought and received the necessary security clearance to meet with Mr. al Wirghi.  Undersigned counsel have also attempted to send privileged correspondence to Mr. al Wirghi, but have been informed by Respondents' counsel that the Protective Order must be entered in order to process mail through the privileged mail system created for habeas counsel. (*See* Exhibits 6, 8.)  Respondents' counsel has further advised that the Protective Order must be entered before a meeting with Mr. al Wirghi at Guantánamo Bay can be scheduled (*see* Exhibit 6), but has refused to consent to the entry of the Protective Order in this case.  Thus, Respondents have effectively precluded all communication between Mr. al Wirghi and counsel.

Pursuant to Local Civil Rule 7(m), undersigned counsel for Petitioners have conferred with Respondents' counsel regarding the relief sought in this motion, and emphasized the need to "communicate with Mr. al Wirghi in writing and meet with him as his counsel at the earliest possible time." (Exhibit 7.)  Respondents have opposed the

motion "[i]n light of the Detainee Treatment Act of 2005" (Exhibit 8), the application of which to pending habeas proceedings is currently being litigated in the United States Court of Appeals for the District of Columbia. Because Respondents persist in preventing Mr. al Wirghi from communicating and meeting with his counsel, Petitioners have no recourse but to seek relief from this Court.[2]

ARGUMENT

I. **Respondents Should Not Be Permitted to Impede Petitioners' Access to Counsel.**

Petitioners seek entry of the Protective Order to gain access to counsel. Without the Protective Order, Respondents' policies prohibit undersigned counsel from meeting with Mr. al Wirghi and sending privileged correspondence to him. In short, Respondents' refusal to consent to the entry of the Protective Order results in a total frustration of the attorney-client relationship. Such an outcome is especially indefensible in light of the following undisputed facts:

- Mr. al Wirghi has requested assistance of counsel (*see* Exhibit 5, Declaration of Tawiss bint Hasan al Wirghi at ¶¶ 6, 10);

- Undersigned counsel have attempted to communicate with Mr. al Wirghi by sending him privileged mail but are unable to do so without entry of the Protective Order;

- Undersigned counsel have received the security clearance required to meet with Mr. al Wirghi at Guantánamo Bay; and

---

[2] On November 2, 2005, Judge Gladys Kessler, Chair of the Calendar and Case Management Committee, issued an order directing that all motions "pertaining to interpretation or construction of any protective order which has been entered in any of the above-cited cases [including Mr. al Wirghi's case], shall be referred to Magistrate Judge Alan Kay pursuant to LCvR 72.2(a)." Because the Protective Order has not yet been entered in this case, Petitioners' motion is properly before this Court.

- Undersigned counsel are ready and willing to travel to Guantánamo Bay promptly after entry of the Protective Order.

The relief Petitioners seek is straightforward and modest in scope. Indeed, access to counsel has been granted to many other detainees at Guantánamo Bay in whose cases the Protective Order was entered with the consent of Respondents. Respondents would suffer no prejudice if the Protective Order were entered in this case.

## II. The Detainee Treatment Act of 2005 Is Not Implicated.

Although Respondents' opposition is based on the Detainee Treatment Act of 2005 (the "DTA"), the entry of the Protective Order would not impact in any way the ultimate disposition of Petitioners' claims or the issue of which court has jurisdiction to hear those claims. The Protective Order is not substantive, but rather sets forth certain procedures for handling confidential information. Judge Hens Green established these procedures "to protect the national security" in response to Respondents' motion for a protective order to "prevent the unauthorized disclosure or dissemination of classified national security information and other protected information. . . ." (Exhibit 2 at 1.) As clearly explained in the Protective Order:

> The purpose of this Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in these cases, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with these cases, including the privilege team as defined in Exhibit A.

(*Id.* at ¶ 2.) The Protective Order also provides the procedures for filing documents under seal through the court security officer and the public filing of documents in the electronic

court filing system, as well as the designation of "protected" information. (*See* Exhibits 3 and 4.)

In light of the limited procedural nature of the Protective Order and the fact that Petitioners seek no substantive relief at this time, there is no justifiable reason to await a decision by the Court of Appeals regarding the DTA before entering the Protective Order. Although such entry before resolution of the DTA would not adversely affect Respondents, any further delay would seriously prejudice Petitioners by directly impeding Mr. al Wirghi's access to counsel.

## CONCLUSION

For the reasons set forth above, the Court should enter the Protective Order.

Dated: February 28, 2006

Respectfully submitted,

\_\_\_\_/s/ Michael A. Cooper_____
Michael A. Cooper
Suhana S. Han
125 Broad Street
New York, New York  10004
Tel. (212) 558-4000
Fax: (212) 558-3588

*Counsel for Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi*

Of Counsel
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Tel: (212) 614-6439
Fax: (212) 614-6499