# EXHIBIT 7

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

February 23, 2006

<u>By E-mail and Federal Express</u>

Andrew I. Warden, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. (Room 6120)
Washington, D.C. 20530

> Re:   <u>Adil Bin Muhammad Al Wirghi and Tawiss Bint Hasan Al Wirghi v.</u>
> <u>George W. Bush, et al.</u>, No. 05-CV-1497 (U.S.Dist.Ct. D.D.C.) (RCL)

Dear Mr. Warden:

As I have previously advised you, I represent Adil Bin Muhammad Al Wirghi, who is detained at the U.S. Naval Base at Guantánamo Bay, Cuba, and his mother and Next Friend, Tawiss Bint Hasan Al Wirghi. On December 30, 2005, I sent a letter to the Department of Justice Litigation Security Office for delivery to Mr. Al Wirghi. I was informed by Jennifer Campbell of the Litigation Security Office that it would be necessary to enter a protective order before the letter could be delivered and that I should contact you, which I did on January 9. Two days later you sent me a detailed e-mail specifying the procedures that would have to be followed for me to communicate with my client through the special mail system for habeas counsel.

At my request, my colleague and co-counsel in this action, Suhana Han, spoke with you on January 19, 2006, to make certain that we understood and were following the required procedures. In that conversation, you informed Ms. Han—as you had not informed me—that the Government would not join in a motion to enter a protective order on consent.

I wish to communicate with Mr. Al Wirghi in writing and meet with him as his counsel at the earliest possible time. To that end, I enclose executed copies of the documents referred to in your January 11, 2006 e-mail: the Memorandum of Understanding and Acknowledgment (in the form you sent me modified only to reflect the fact that the protective orders have not yet been entered), notification of representation and a representation regarding the source of counsel fees. These documents have also been executed by Ms. Han. Finally, I enclose a copy of the

Andrew I. Warden, Esq.                                                                    -2-

declaration of Mr. Al Wirghi's mother and Next Friend authorizing Ms. Han and me to represent her and her son.

Please advise me by next Monday, February 27, (i) whether it continues to be the Government's position that it will not join in a motion to enter the protective orders, and (ii) whether the Government will actively oppose a motion made on Petitioners' behalf to enter the protective orders. I would be grateful if you would also inform me how I can ascertain whether the letter previously sent to Mr. Al Wirghi has been delivered to him.

Very truly yours,

Michael A. Cooper

(Enclosures)