UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
               :

ADIL BIN MUHAMMAD AL WIRGHI,   :
    Detainee,              :
    Guantánamo Bay Naval Station  :
    Guantánamo Bay, Cuba,     :
               :

TAWISS BINT HASAN AL WIRGHI,   :
    as Next Friend of        :
    Adil bin Muhammad al Wirghi,   :   No.  05-CV-1497 (RCL)
               :

    Petitioners,        :   ORAL ARGUMENT
               :   REQUESTED

    v.             :
               :

GEORGE W. BUSH, DONALD RUMSFELD, :
ARMY BRIG. GEN. JAY HOOD, and ARMY :
COL. MIKE BUMGARNER,     :
               :

    Respondents.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PETITIONERS' REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents' Memorandum in Opposition to Petitioners' Motion for

Entry of Protective Order ("Opp.") conspicuously fails to address the following facts

that unquestionably call for entry of the Protective Order:

- Respondents' refusal to consent to entry of the Protective Order is totally thwarting the attorney-client relationship between Mr. al Wirghi and his counsel.

- Respondents would suffer no prejudice if the Protective Order were entered.

- On the other hand, any further delay in entering the Protective Order would seriously prejudice Mr. al Wirghi by preventing access to counsel.

- The Protective Order is not substantive, but rather sets forth procedures for protecting confidential information and filing documents.  Moreover, the obligations and limitations of the Protective Order operate virtually exclusively on Petitioners' counsel, not Respondents'.

Respondents do not even acknowledge the fact that undersigned counsel are prohibited from meeting with Mr. al Wirghi and sending him privileged correspondence until and unless the Protective Order is entered.  Nor do Respondents address the fact that the Protective Order has already been entered as a procedural matter in scores of actions involving hundreds of detainees held at the United States Naval Station at Guantánamo Bay.

Instead, Respondents argue that "a stay of all proceedings in this case, including with respect to [Petitioners'] request for relief, is appropriate pending the resolution of the effect of the" Detainee Treatment Act of 2005 (the "DTA").  (Opp. at 2.)  Respondents further argue that "it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction."  (*Id.*)  Respondents, however, fail to explain how entry of the Protective Order "might infringe" upon such jurisdiction or affect the pending litigation regarding the applicability of the DTA.  That failure is understandable, for entry of the Protective Order in and of itself would have no effect whatsoever—actual or threatened—on the Court of Appeals' jurisdiction or the cases considering the DTA's effect on pending habeas proceedings brought on behalf of detainees.[1]

---

[1]     *See Hamdan* v. *Rumsfeld*, 415 F.3d 33 (D.C. Cir. 2005), *cert. granted,* 126 S.Ct. 622 (U.S. Nov. 7, 2005) (No. 05-184); *Al Odah* v. *United States* (D.C. Cir.) (Nos. 05-5064, 05-5095 through 05-5116); and *Boumediene* v. *Bush* (D.C. Cir.) (Nos. 05-5062, 05-5063).

Moreover, Respondents' refusal to consent to entry of the Protective Order is arbitrary and inconsistent with their conduct in other habeas cases in which the Protective Order was entered after the enactment of the DTA, including at least one case where it was entered with Respondents' *consent*. In light of the modest nature of the relief that Petitioners seek, Respondents' quixotic approach should not be permitted to dictate whether, not merely when, access to counsel will be granted to Guantánamo detainees.

I.    **Like Other Courts in the District, this Court Should Enter the Protective Order.**

Because entry of the Protective Order does not in any way impact the ultimate disposition of any substantive claims, courts in this District have continued to enter the Protective Order in other detainee habeas cases after enactment of the DTA. *See Razakah* v. *Bush*, 05-CV-2370 (EGS) (D.D.C. March 17, 2006) (Minute Order) (granting opposed motion for expedited entry of protective order); *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (D.D.C. Jan. 9, 2006) (Minute Order) (granting consent motion for entry of protective order); *Khiali-Gul* v. *Bush*, No. 05-CV-0877 (JR) (D.D.C. Jan. 6, 2006) (Minute Order) (granting consent motion for entry of protective order); *see also Shaaban* v. *Bush*, No. 05-CV-0892 (CKK) (D.D.C. March 1, 2006) (Order) (ordering Respondents to provide copies of documents to be released in connection with FOIA lawsuit to counsel before their Guantánamo trip to ensure "meaningful access to counsel"); *Salahi* v. *Bush*, No. 05-CV-0569 (JR) (AK) (D.D.C. Feb. 2, 2006 and March 10, 2006) (Orders) (monitoring compliance with protective order); *cf. Ahmed* v. *Bush*,

No. 05-CV-1678 (GK) (D.D.C. March 3, 2006) (Minute Order) (denying Respondents' post-DTA motion to stay submission of factual returns).

Although application of the DTA to habeas proceedings pending on the date of enactment is currently being litigated in both the United States Supreme Court and the United States Court of Appeals for the District of Columbia (*see supra* note 1, at 2), entry of the Protective Order in this case should not be stayed.[2]  It is undisputed that the Protective Order is entirely procedural and that Petitioners seek no substantive relief at this time.  The Court should, therefore, enter the Protective Order to provide Mr. al Wirghi with access to counsel.

## II.   Respondents' Refusal to Consent to Entry of the Protective Order Is Arbitrary and Unwarranted.

There is no basis for denying Petitioners—whose habeas petition was filed five months before the DTA was passed—the same access to counsel that has been provided to similarly situated detainees.  In fact, as previously noted, Respondents have consented to entry of the Protective Order in other detainee cases both before and after the enactment of the DTA.

The arbitrary nature of Respondents' opposition to the entry of the Protective Order is highlighted by the case of *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (D.D.C.), in which Respondents consented to entry of the Protective Order *after* the

---

[2]   Entering the Protective Order here is wholly consistent with upholding a stay of substantive motions pending resolution of the DTA litigation.  For example, although Judge Sullivan entered the Protective Order in *Mamet*, he also *sua sponte* stayed that case by removing it from the "active calendar."  *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (D.D.C. March 17, 2006) (Minute Order).  Judge Sullivan, however, instructed that the "removal of this case from the Court's active calendar should not discourage the filing of appropriate pleadings."  (*Id.*)

enactment of the DTA. In *Mamet*, Respondents sought dismissal of the habeas petition

by challenging standing of the "next friend" detainee or alternatively moved for a stay.

In their papers, Respondents made the following representation:

> In seeking a stay to the extent the next friend petitioners
> are determined to satisfy the applicable requirements,
> however, respondents do not intend thereby to block
> counsel access to properly represented petitioners.
> To that end, if proper next friend standing is found,
> respondents would not object to entry of the protective
> order previously entered in other Guantánamo detainee
> cases, along with appropriate supplementary orders, to
> permit such access.

*Id.* (Respondents' Motion for Order to Show Cause Why Case Should Not Be

Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay

Proceedings Pending Related Appeals at 19 n.17, Oct. 4, 2005.) Respondents

subsequently withdrew their objection to standing after counsel submitted a letter from

Mamet authorizing direct representation. *See id.* (Respondents' Response to

Petitioners' Notice of Additional Facts in Further Opposition to Respondents' Motion

for Order to Show Cause and in Further Support of Petitioners' Cross Motion for

Expedited Entry of Protective Order and Other Relief at 1-2, Dec. 30, 2005.) On

January 3, 2006—after the enactment of the DTA—Respondents in *Mamet* consented

to entry of the Protective Order, which was entered on January 9, 2006. *See id.*

(Renewed Motion On Consent for Expedited Entry of Protective Order at ¶ 5, Jan. 4,

2006; Minute Order.)

       *Mamet* is indistinguishable from the instant case. As in *Mamet*,

Respondents sought dismissal of Petitioners' habeas petition by challenging "next

friend" detainee standing or alternatively moved for a stay. In fact, Respondents made

-5-

the *identical* representation here that they made in *Mamet*: "[I]f proper next friend

standing is found, respondents would not object to entry of the protective order

previously entered in other Guantánamo detainee cases, along with appropriate

supplementary orders, to permit [counsel access to properly represented petitioners]."

*Al Wirghi* v. *Bush*, No. 05-CV-1497 (RCL) (D.D.C.) (Respondents' Motion for Order

to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend"

Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for

Continued Coordination at 21-22 n.19, Aug. 31, 2005.)  Also, as in *Mamet*,

Respondents withdrew their objection to standing after Mr. al Wirghi filed an amended

habeas petition—through a family member "next friend," his mother.  *See id.* (Notice of

Withdrawal of Respondents' Motion for Order to Show Cause Why Case Should Not

Be Dismissed for Lack of Proper "Next Friend" Standing, Jan. 11, 2006.)

 Because there is no reasoned basis to distinguish *Mamet* from this case,

Respondents have no justification for objecting to entry of the Protective Order and

denying Mr. al Wirghi the same access to counsel that many other detainees at

Guantánamo already enjoy.[3]

 The arbitrary nature of Respondents' objection is further highlighted by

their glaring failure to explain how they would be prejudiced—or even burdened—by

---

[3] As recognized by Respondents, entry of the Protective Order "will facilitate counsel access to the detainees."  *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (D.D.C.) (Respondents' Reply Memorandum in Support of Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals, and Memorandum in Opposition to Petitioners' Cross Motion for Expedited Entry of Protective Order and Other Relief at 3, Oct. 31, 2005.)

entry of the Protective Order while the DTA is under review.  In contrast, Mr. al Wirghi

suffers harm each day he is unable to engage in privileged communications and to meet

with his attorneys, who are prepared to travel to Guantánamo Bay promptly after entry

of the Protective Order.

## CONCLUSION

For the reasons set forth above and in Petitioners' opening

memorandum, the Court should enter the Protective Order on an expedited basis.


Dated:  March 21, 2006                        Respectfully submitted,

                                              _____/s/ Michael A. Cooper_____
                                              Michael A. Cooper
                                              Suhana S. Han
                                              125 Broad Street
                                              New York, New York  10004
                                              Tel. (212) 558-4000
                                              Fax: (212) 558-3588

                                              *Counsel for Petitioners Adil bin Muhammad*
                                              *al Wirghi and Tawiss bint Hasan al Wirghi*


                                              Of Counsel
                                              Barbara Olshansky
                                              CENTER FOR CONSTITUTIONAL RIGHTS
                                              666 Broadway, 7th Floor
                                              New York, New York  10012
                                              Tel: (212) 614-6439
                                              Fax: (212) 614-6499