UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
ADIL BIN MUHAMMAD AL WIRGHI,               :
    Detainee,                                :
    Guantánamo Bay Naval Station             :
    Guantánamo Bay, Cuba,                    :
:
TAWISS BINT HASAN AL WIRGHI,               :
    as Next Friend of                        :
    Adil bin Muhammad al Wirghi,             :
        Petitioners,                 :   No.  05-CV-1497 (RCL)
:
        v.                           :
:
GEORGE W. BUSH, DONALD RUMSFELD,           :
ARMY BRIG. GEN. JAY HOOD, and ARMY         :
COL. MIKE BUMGARNER,                       :
:
        Respondents.                 :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF SUPPLEMENTAL AUTHORITY**

        Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi, through their undersigned counsel, submit this Notice of Supplemental Authority in connection with their pending Motion for Entry of Protective Order.[1]

        1.    On July 29, 2005, Petitioner Adil bin Muhammad al Wirghi filed a writ of habeas corpus through his "Next Friend" Moazzam Begg, a former detainee.

        2.    On August 31, 2005, Respondents filed a Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend"

---

[1] The Protective Order consists of (i) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, dated November 8, 2004; (ii) the Order Addressing Designation Procedures for "Protected Information," dated November 10, 2004; and (iii) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004 Amended Protective Order, dated December 13, 2004.  These documents were attached as Exhibits 1-3 to Petitioners' Motion for Entry of Protective Order.

Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination. (*See* Docket Entry No. 3.) In their motion, Respondents represented that "if proper next friend standing is found, respondents would not object to entry of the protective order previously entered in other Guantánamo detainee cases, along with appropriate supplementary orders, to permit [counsel access to properly represented petitioners]." (*Id*. at 21-22 n.19.)[2]

    3.    On December 1, 2005, Mr. al Wirghi filed an amended petition through his "Next Friend" and mother Tawiss bint Hasan al Wirghi.

    4.    On January 11, 2006, Respondents withdrew their Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing. (*See* Docket Entry No. 12.) Respondents did not withdraw their Motion to Stay Proceedings, which is still pending. (*See id*.)

    5.    Undersigned counsel have received the necessary security clearance to meet with Mr. al Wirghi, and are prepared to travel to Guantánamo promptly after entry of the Protective Order.

    6.    Respondents' counsel has advised that the Protective Order must be entered before undersigned counsel can meet with Mr. al Wirghi or communicate with him by privileged mail, but has refused to consent to entry of the Protective Order.

    7.    On February 28, 2006, Petitioners filed a Motion for Entry of Protective Order and requested oral argument.

    8.    In their Memorandum in Opposition to Petitioners' Motion for Entry of Protective Order, Respondents argued that "a stay of all proceedings in this case,

---

[2] As set forth in Petitioners' motion papers, Respondents made this very same representation in *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (D.D.C.), and consented to entry of the Protective Order after the enactment of the DTA. Respondents, however, have refused to consent in this case.

–3–

including with respect to [Petitioners'] request for relief, is appropriate pending the resolution of the effect of the" Detainee Treatment Act of 2005 (the "DTA"). (Opp. at 2.) Respondents failed, however, to address the following facts: (i) their refusal to consent to entry of the Protective Order is totally frustrating the attorney-client relationship between Mr. al Wirghi and his counsel; (ii) the Protective Order is not substantive and instead sets forth procedures that operate virtually exclusively on Petitioners' counsel; and (iii) Respondents would suffer no conceivable prejudice if the Protective Order were entered.

9. Petitioners' Motion for Entry of Protective Order was fully briefed on March 21, 2006 and is currently pending. Oral argument has been requested but has not yet been scheduled.

10. Petitioners submit this Notice to advise the Court that the Protective Order has been entered in numerous other Guantánamo habeas cases. In addition to the cases cited in Petitioners' motion papers, below is a list of cases in which the Protective Order was entered after the enactment of the DTA:

*Al Salami* v. *Bush*, 05-CV-2452 (D.D.C. Apr. 13, 2006) (PLF)

*Said* v. *Bush*, 05-CV-2384 (D.D.C. Apr. 12, 2006) (RWR)

*Alsaaei* v. *Bush*, 05-CV-2369 (D.D.C. Apr. 12, 2006) (RWR)

*Al Shareef* v. *Bush*, 05-CV-2458 (D.D.C. Apr. 12, 2006) (RWR)

*Zadran* v. *Bush*, No. 05-CV-2367 (D.D.C. Apr. 12, 2006) (RWR)

*Awad* v. *Bush*, 05-CV-2379 (D.D.C. Apr. 11, 2006) (JR)

*Thabid* v. *Bush*, 05-CV-2398 (D.D.C. Mar. 21, 2006) (ESH)

*Labed Ahmed* v. *Bush*, 05-CV-1234 (D.D.C. Mar. 21, 2006) (EGS)

> *Wahab* v. *Bush*, 05-CV-886 (D.D.C. Jan. 10, 2006) (EGS)
>
> *Mohammad* v. *Bush*, 05-CV-879 (D.D.C. Jan. 9, 2006) (RBW)
>
> *Bostan* v. *Bush*, 05-CV-883 (D.D.C. Jan. 9, 2006) (RBW)

11. In the most recent of these orders, Judge Friedman stated: "Central to the Protective Orders are their provisions for access to counsel. Detainees' right to meet with counsel under the Protective Order is independent of the (still-unresolved) question of the Court's jurisdiction to rule on their habeas petitions." (*Al Salami* v. *Bush*, Order dated April 13, 2006 (attached as Ex. A) at 1.)

12. In entering the Protective Order, Judge Friedman cited with approval a recent ruling by Magistrate Judge Kay in *Adem* v. *Bush*, No. 05-CV-723 (RWR) (AK) (D.D.C. Mar. 14, 2006) (attached as Ex. B). In *Adem*, Magistrate Judge Kay ordered respondents to comply with the terms of the existing Protective Order, and expressly rejected respondents' attempt to defer a ruling by invoking the DTA:

> As an initial matter, the Court respectfully declines Respondents' invitation to defer ruling on Adem's motion pending resolution of the jurisdictional and retroactivity questions raised by the Detainee Treatment Act of 2005 (the "DTA"). The issues raised by Adem's motion seeking access to counsel pursuant to the Amended Protective Order do not implicate any of the jurisdictional questions currently pending in the D.C. Circuit and the Supreme Court. . . .The question of when, and under what circumstances the existing Protective Order permits Adem to meet with his lawyer has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention.

*Id.* at 21, 22 (footnote omitted).

13. As recognized by the Judges of this Court in the foregoing cases, the litigation regarding the effect of the DTA on pending habeas cases has no bearing on the issue of access to counsel, and should not interfere with the entry of the Protective Order here.

–5–

14. Because Respondents have refused to consent to entry of the Protective Order, some Guantánamo detainees have been granted access to counsel after the DTA was enacted, while other similarly situated detainees have not. This groundless difference in treatment is contrary to the interests of justice and fairness.

15. Respondents' dogged refusal to permit access to counsel while the applicability of the DTA to pending cases is being litigated is untenable. As recognized by Magistrate Judge Kay, "it will undoubtedly take months for the court to grapple with the jurisdiction and retroactivity questions presented by the DTA. Forcing [petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless." *Id*. at 22 n.25. Mr. al Wirghi should not be left in limbo indefinitely without counsel.

16. For the reasons stated above and in Petitioners' previously filed memoranda, Petitioners respectfully request that the Court enter the Protective Order, or alternatively schedule oral argument on Petitioners' Motion for Entry of Protective Order.

Dated: May 22, 2006                        Respectfully submitted,

                                            /s/ Michael A. Cooper
Of Counsel                                 Michael A. Cooper
Barbara Olshansky                          Suhana S. Han
CENTER FOR CONSTITUTIONAL                  125 Broad Street
RIGHTS                                     New York, New York  10004
666 Broadway, 7th Floor                    Tel. (212) 558-4000
New York, New York  10012                  Fax: (212) 558-3588
Tel: (212) 614-6439
Fax: (212) 614-6499                        *Counsel for Petitioners Adil bin Muhammad
                                           al Wirghi and Tawiss bint Hasan al Wirghi*