IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADIL BIN MUHAMMAD AL WIRGHI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> Respondents. | ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1497 (RCL) ) ) ) ) ) ) ) ) |

**RESPONDENTS' RESPONSE TO
PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Respondents hereby respectfully submit this response to petitioners' notice of supplemental authority in support of their motion for entry of the protective order in the above-captioned case (dkt. no. 16).

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants;

section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.  Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases.  Id. § 1005(h).  In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act.[2]  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

[2] In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").[3] Contrary to petitioners' suggestion that the Protective Order is not "substantive," see Pets' Notice at 3, entry of the Protective Order would be an assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals. Respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power

---

[3] Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 11), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases. During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit. Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered. In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to grant the relief requested by petitioners in this case. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Thus, the relief requested by petitioners is not a matter independent of the jurisdictional question pending before the Court of Appeals, and the entry of the Protective Order despite the Act's withdrawal of this Court's habeas jurisdiction would constitute an assertion of authority that would seriously prejudice respondents. See Pets' Notice at 3 (claiming that "[r]espondents would suffer no conceivable prejudice if the Protective Order were entered).

Furthermore, entry of the Protective Order would be inappropriate to the extent that petitioners' counsel seek to characterize the Protective Order as guaranteeing counsel access to petitioners regardless of jurisdictional issues in the case. Recently, Magistrate Judge Kay has interpreted the Protective Order as guaranteeing any counsel who purport to represent a detainee privileged access to the detainee even in the face of respondents' challenge to next friend standing and other jurisdictional challenges in the case. See Adem v. Bush, 2006 WL 751309 (Mar. 21, 2006) (dkt. no. 36), recons. denied, 2006 WL 1193853 (Apr. 28, 2006) (dkt. no. 42); Sadar Doe v. Bush, No. 05-CV-1704 (JR) (LFO) (AK) (Memorandum Order dated May 11, 2006) (dkt. no. 33); Said v. Bush, No. 05-CV-2384 (RWR) (AK) (Memorandum Order dated May 23, 2006) (dkt. no. 23); see also Razakah v. Bush, No. 05-CV-2370 (EGS) (Order dated May 18, 2006) (dkt. no. 23). Respondents have noted the grave jurisdictional issues presented by the Magistrate Judge's interpretation of the Protective Order, as well as the inconsistency of that interpretation with the language, history and context of the Protective Order in the Guantanamo habeas cases, see e.g., Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006 in Adem v. Bush, No. 05-CV-0723 (RWR)

(dkt. nos. 38, 39); Respondents' Motion for Stay and Reconsideration of Magistrate Judge's May 11, 2006 Memorandum Order in Sadar Doe v. Bush, No. 05-CV-1704 (JR) (dkt. nos. 34, 35) (copy without exhibits attached as Exhibit A).  The Magistrate Judge, however, has brushed aside respondents' objections and granted counsel access in such circumstances, characterizing his action merely as enforcement of the terms of the previously entered Protective Order in the case, which, according to the Magistrate Judge, is unaffected by jurisdictional considerations.  See, e.g., Adem, 2006 WL 751309, *8-*11.[4]  This Court should not proceed to enter the Protective Order in this case to the extent it may or will be interpreted in a fashion that will raise or purport to sidestep the serious jurisdictional and interpretive issues raised by respondents.  See Steel Co., 523 U.S. at 94 ("Without jurisdiction [a] court cannot proceed at all in any cause.").

Finally, petitioners possess no separate right of access to counsel that warrants the application of the Protective Order to this action notwithstanding the jurisdictional infirmities present in this case.  See Pets' Mot. at 3-4.  In Rasul v. Bush, 542 U.S. 466 (2004), the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act — and did not address whether these detainees have any substantive rights, including the right to counsel.  See id. at 484.  Similarly, in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now

---

[4] To the extent that Judge Friedman's April 13, 2006 Order in Al Salami v. Bush, No. 05-CV-2452 (PLF) (dkt. no. 12), relies on the Magistrate's reasoning in Adem, it should not be persuasive to this Court.  See Pets' Notice at 4 (citing April 13, 2006 Order in Al Salami v. Bush).

withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8. Thus, notwithstanding the Act's withdrawal of jurisdiction over this case, neither Rasul nor Al Odah compels the relief requested by petitioners.

For these reasons, and the reasons stated in respondents' memorandum in opposition to petitioners' motion for protective order (dkt. no. 14), the Court should deny petitioners' motion for entry of the protective order in this case.

Dated: June 5, 2006               Respectfully submitted,

                                  PETER D. KEISLER
                                  Assistant Attorney General

                                  DOUGLAS N. LETTER
                                  Terrorism Litigation Counsel

                                       /s/ Preeya M. Noronha
                                  JOSEPH H. HUNT (D.C. Bar No. 431134)
                                  VINCENT M. GARVEY (D.C. Bar No. 127191)
                                  TERRY M. HENRY
                                  JAMES J. SCHWARTZ
                                  PREEYA M. NORONHA
                                  ROBERT J. KATERBERG
                                  NICHOLAS J. PATTERSON
                                  ANDREW I. WARDEN
                                  EDWARD H. WHITE
                                  MARC A. PEREZ
                                  Attorneys
                                  United States Department of Justice
                                  Civil Division, Federal Programs Branch
                                  20 Massachusetts Ave., N.W.
                                  Washington, DC  20530
                                  Tel:  (202) 514-4107
                                  Fax:  (202) 616-8470

                                  Attorneys for Respondents