UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
ADIL BIN MUHAMMAD AL WIRGHI,               :
    Detainee,                                :
    Guantánamo Bay Naval Station             :
    Guantánamo Bay, Cuba,                    :
:
TAWISS BINT HASAN AL WIRGHI,               :
    as Next Friend of                        :
    Adil bin Muhammad al Wirghi,             :   No. 05-CV-1497 (RCL)
:
    Petitioners,                             :   ORAL ARGUMENT
:   REQUESTED
    v.                                       :
:
GEORGE W. BUSH, DONALD RUMSFELD,           :
ARMY BRIG. GEN. JAY HOOD, and ARMY         :
COL. MIKE BUMGARNER,                       :
:
    Respondents.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PETITIONERS' MEMORANDUM IN OPPOSITION TO RESPONDENTS'
MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN
DETAINEE MATERIALS AND IN SUPPORT OF PETITIONERS'
RENEWED MOTION FOR ENTRY OF PROTECTIVE ORDER**

       Petitioners Adil Bin Muhammad al Wirghi and Tawiss bint Hasan al

Wirghi, through their undersigned counsel, submit this memorandum (1) in opposition

to Respondents' Motion For Procedures Related To Review of Certain Detainee

Materials and Request for Expedited Briefing ("Motion"), and (2) in support of their

Renewed Motion for Entry of Protective Order.

## ARGUMENT

**I.   Respondents' Motion To Review Privileged Communications Should Be Denied.**

In their Motion, Respondents seek to implement procedures authorizing the Department of Defense to review more than a half-ton of legal materials seized from Guantánamo detainees in June 2006 "for purposes of an ongoing investigation" into the "circumstances of the recent suicides of three detainees." (Motion at 1.) Respondents, however, seized and examined such privileged materials during a five-day period without first obtaining judicial approval or notifying habeas counsel. Respondents also failed to disclose this wholesale breach of the attorney-client privilege until a month later—only after habeas counsel became aware of this breach from their clients and sought appropriate relief.[1] In light of these disturbing revelations, Respondents now request *post-hoc* judicial ratification of their unauthorized actions.

The Court should deny Respondents' request. Their Motion is yet another attempt to thwart the attorney-client relationship between detainees and their counsel. In Mr. al Wirghi's case, Respondents have completely blocked access to counsel from the outset by opposing his Motion for Entry of Protective Order.[2]

---

[1]   *See* Motion to Modify Stay to Direct Respondents to Return Impounded Privileged Legal Material and for Other Relief, *Abdullah* v. *Bush*, No. 05-CV-00023 (RWR) (July 6, 2006).

[2]   The Protective Order consists of (i) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, dated November 8, 2004; (ii) the Order Addressing Designation Procedures for "Protected Information," dated November 10, 2004; and (iii) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004 Amended Protective Order, dated December 13, 2004. These documents were attached as Exhibits 2-4 to Petitioners' Motion for Entry of Protective Order, dated February 28, 2006.

Without the Protective Order, undersigned counsel are prohibited from either meeting with Mr. al Wirghi or sending him privileged correspondence. Consequently, Mr. al Wirghi, whose habeas petition was filed in July 2005 and who has been detained for four years, has been left in limbo indefinitely without access to counsel.

Together, Respondents' Motion and opposition to entry of the Protective Order effectively strip Mr. al Wirghi of any opportunity now or in the future to engage in "full and frank communication" with his counsel.[3] As the U.S. Supreme Court has emphasized, the attorney-client privilege promotes the "broader public interests in the observance of law and the administration of justice."[4] Respondents' claim of unilateral ability to determine both the existence and scope of this sacred privilege is fundamentally at odds with such interests.

## II.     Respondents' Motion Confirms that the Protective Order Should Be Entered Immediately.

In opposing Mr. al Wirghi's Motion for Entry of Protective Order, Respondents have insisted that a "stay of all proceedings in this case, including with respect to petitioner's request for relief, is appropriate pending the resolution of the effect of the" Detainee Treatment Act of 2005 (the "DTA"). (Docket No. 14 at 2.) Yet late last month, the U.S. Supreme Court unequivocally held that "§ 1005(e)(1) [of the DTA] does not strip federal courts' jurisdiction over cases pending on the date

---

[3]  *Swidler & Berlin* v. *United States*, 524 U.S. 399, 403 (1998) (internal quotation marks and citation omitted); *see also Lanza* v. *State of New York*, 370 U.S. 139, 143-44 (1962) ("[I]t may be assumed that even in a jail, or perhaps especially there, the relationships which the law has endowed with particularized confidentiality must continue to receive unceasing protection . . . .").

[4]  *Swidler & Berlin*, 524 U.S. at 403 (internal quotation marks and citation omitted).

of the DTA's enactment." *Hamdan* v. *Rumsfeld*, 126 S. Ct. 2749, 2769 n.15 (2006). Notwithstanding *Hamdan*, Respondents continue to resist entry of the Protective Order by arguing that this Court lacks jurisdiction "in light of" Section 1005(e)(2) of the DTA, which confers exclusive jurisdiction upon the D.C. Court of Appeals to determine the validity of any final decision of the Combatant Status Review Tribunal. (Motion at 2 n.3.)

Respondents' position is premised on the false assumption that entry of the Protective Order would somehow infringe upon the jurisdiction of the Court of Appeals:

> Contrary to petitioners' suggestion that the Protective Order is not 'substantive,' *see* Pets' Notice at 3, entry of the Protective Order would be an assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals.

(Docket No. 17 at 3.)

This argument is baseless. Although the Supreme Court acknowledged that a challenge to the final decision of the Combatant Status Review Tribunal would be subject to the exclusive review requirement of Section 1005(e)(2), where, as here, a habeas action seeks broader and more fundamental relief, this section is not applicable.

> There is nothing absurd about a scheme under which pending habeas actions—particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed—are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review.

*Hamdan*, 126 S. Ct. at 2769.

The fatal flaw in Respondents' reasoning is confirmed by their filing of the instant Motion.  On the one hand, by seeking an order establishing procedures for the review of seized privileged materials, Respondents necessarily acknowledge this Court's jurisdiction to enter the order.  On the other hand, Respondents oppose entry of the Protective Order because it would supposedly be an "assertion of jurisdiction" inconsistent with the DTA.  Respondents cannot have it both ways.  There is simply no reasoned basis for distinguishing on jurisdictional grounds the procedures sought by Respondents from those sought by Mr. al Wirghi:  neither one infringes upon the jurisdiction of the Court of Appeals.

Four days after *Hamdan* was decided, this Court entered the Protective Order in *Al Darby* v. *Bush*, 05-CV-02371 (D.D.C. July 3, 2006) (RCL) over Respondents' opposition.  And other judges in this District have similarly rejected Respondents' jurisdictional argument and entered the Protective Order after the enactment of the DTA.  (*See* Docket Nos. 15, 16, 18.)

Like other similarly situated detainees, Mr. al Wirghi should be granted access to his counsel, who have received the necessary security clearance and are ready to meet with their client at the Guantánamo detention facility upon entry of the Protective Order.

## CONCLUSION

For the foregoing reasons, Respondents' Motion For Procedures Related To Review of Certain Detainee Materials should be denied, and Petitioners' Renewed Motion for Entry of Protective Order should be granted.

Dated:  July 21, 2006                                         Respectfully submitted,

                                                                 /s/ Michael A. Cooper
Michael A. Cooper
Suhana S. Han
125 Broad Street
New York, New York  10004
Tel. (212) 558-4000
Fax: (212) 558-3588

*Counsel for Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi*

Of Counsel
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Tel: (212) 614-6439
Fax: (212) 614-6499