UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
ADIL BIN MUHAMMAD AL WIRGHI,            :
    Detainee,                         :
    Guantánamo Bay Naval Station      :
    Guantánamo Bay, Cuba,             :
:
TAWISS BINT HASAN AL WIRGHI,            :
    as Next Friend of                 :
    Adil bin Muhammad al Wirghi,      :  No. 05-CV-1497 (RCL)
                                      :  **ORAL ARGUMENT**
    Petitioners,                      :  **REQUESTED**
:
    v.                                :
:
GEORGE W. BUSH, DONALD RUMSFELD,        :
ARMY BRIG. GEN. JAY HOOD, and ARMY      :
COL. MIKE BUMGARNER,                    :
:
    Respondents.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS**

Petitioners Adil Bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi, through undersigned counsel, submit this memorandum in opposition to Respondents' Motion to Dismiss ("Motion").[1] In arguing that dismissal is compelled, Respondents ignore that this Court has broad discretion to issue a stay, that unresolved questions about jurisdiction persist, that Petitioners are entitled to preservation of the possibility of relief after exhausting their remedy under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680 ("DTA"), and that the protection of the

---

[1] Respondents' Motion to Dismiss, *Al Wirghi* v. *Bush*, 05-CV-01497 (D.D.C. April 19, 2007) (Docket Entry No. 32).

attorney-client relationship warrants special consideration in this matter. Accordingly, Petitioners respectfully request that this Court:

(i) Deny Respondents' Motion to Dismiss their habeas petition; and

(ii) Hold this action in abeyance pending Mr. al Wirghi's exhaustion of his remedies in the Court of Appeals for the District of Columbia pursuant to the DTA, and either the filing in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene* v. *Bush,* 476 F.3d 981 (D.D.C. 2007) ("*Boumedienne* I"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending original habeas corpus petition filed in *In re Ali*, which challenges the jurisdictional holding of the Court of Appeals under the Military Commissions Act of 2006.

In the event that the Court determines that it lacks jurisdiction over the action, Petitioners request a transfer of this habeas action to the Court of Appeals pursuant to 28 U.S.C. § 1631 for consolidation with Mr. al Wirghi's DTA petition (to be filed on May 15, 2007).

## ARGUMENT

## I.    THIS COURT SHOULD ISSUE A STAY-AND-ABEY ORDER.

This Court should exercise its broad discretion to stay the dismissal of Petitioners' pending habeas petition, and hold these proceedings in abeyance until Petitioners have exhausted their remedies under the DTA. The stay should remain in effect until the U.S. Supreme Court has reviewed the jurisdictional issues presented in *Boumediene I.* Petitioners' proposed stay-and-abey procedure is consistent with the Supreme Court's directive in the analogous situation where a federal court is presented with an unexhausted habeas petition brought pursuant to 28 U.S.C. § 2254. Further, the proposed procedure preserves the attorney-client relationship, which should not be disrupted while these jurisdictional issues are being addressed.

2

"District courts . . . ordinarily have authority to issue stays, *see Landis* v. *North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton* v. *Jones*, 520 U.S. 681, 706 (1997)." *Rhines* v. *Weber*, 544 U.S. 269, 276 (2005). As the Supreme Court has recognized, where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court retains discretion to retain jurisdiction over the pending habeas petition by staying the action and allowing exhaustion of remedies in the state courts rather than dismissing the petition. *See Rhines*, 544 U.S. at 277-78.

A stay-and-abey order like the one approved in *Rhines* is warranted here. On February 20, 2007, in *Boumediene* I, a divided panel of the D.C. Circuit Court of Appeals ruled that the MCA had stripped federal courts of jurisdiction over habeas actions brought by foreign nationals. *Boumediene* I, 476 F.3d at 988. Following the *Boumediene* I ruling, petitioners filed a certiorari petition, which was denied. *See Boumediene* v. *Bush*, 127 S. Ct. 1478 (2007) ("*Boumediene* II"). In dissent, three Justices stated that the habeas-stripping provision of the MCA is a "significant [question]… warranting… review." *Id*. at 1480 (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two additional Justices stated that it was "appropriate to deny these petitions at this time" because Petitioners had failed to exhaust alternative remedies. *Id*. at 1478 (Statement of Stevens and Kennedy, JJ.). Thus, five Justices have clearly signaled a willingness to reconsider the issues raised in *Boumediene* I once alternative remedies have been exhausted. This prospect leaves open the possibility that the Court of Appeals' holding in *Boumediene* I will be found erroneous, and that the appropriate course may be

3

to permit habeas actions to proceed in the district courts at some later date.

Moreover, an original habeas petition in *In re Ali*, No. 06-1194, directly challenging the Court of Appeals' jurisdictional holding under the MCA, is currently pending in the Supreme Court.

While jurisdictional issues are being resolved and in light of the current uncertainty, Petitioners should be permitted to exhaust their claims under the DTA without facing dismissal of their petition. Under these circumstances, it would be premature for this Court to dismiss Petitioners' habeas petition for lack of jurisdiction.

### A. Failure to Issue an Order to Stay and Abey this Action Would Be an Abuse of Discretion.

As the Supreme Court has recognized, it would be an abuse of discretion to dismiss a petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *see also Pace* v. *DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *Duncan* v. *Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J., concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies"). All three conditions are satisfied here.

First, although Respondents argue that Mr. al Wirghi could have filed a DTA petition in the Court of Appeals any time after the enactment of the DTA over a year ago (Motion at 7), Respondents ignore the uncertain legal landscape during the

4

relevant period. When Mr. al Wirghi filed his habeas petition—well before the passage of the DTA—he had no reason to believe that his petition would be dismissed for lack of jurisdiction and that pursuit of an alternative remedy would be necessary. Indeed, *Rasul* v. *Bush*, 542 U.S. 466 (2004), established a right to proceed under 28 U.S.C. § 2241 at the time Petitioners submitted their papers. And in *Hamdan* v. *Rumsfeld*, 126 S. Ct. 2749 (2006), the Supreme Court held that the jurisdiction-stripping provision of the Detainee Treatment Act of 2005 did not operate retroactively to divest this Court of jurisdiction over Petitioners. The potential remedy in Mr. al Wirghi's case did not exist until five months after his habeas corpus petition had been filed, and did not purport to provide the relief to which he was entitled at the time this action was filed. Good cause therefore exists for Mr. al Wirghi's failure to exhaust.

Second, Mr. al Wirghi's unexhausted claims are potentially meritorious. Counsel seek factual discovery regarding the circumstances under which statements attributed to Mr. al Wirghi were made to determine if they were made in violation of the Department of Defense's own standards and procedures, as well as the laws and Constitution of the United States. Counsel further believe that Mr. al Wirghi has been improperly designated an enemy combatant. Based on counsel's review of unclassified documents, there is no direct evidence demonstrating that Mr. al Wirghi was actually engaged in or supported hostile actions against the United States and its coalition allies between September 11, 2001 and the time of his capture.

Third, Petitioners—who have been denied any opportunity to address the merits of their habeas petition—cannot be accused of "dilatory tactics." To the contrary, it is the Government instead that has taken affirmative steps to impede the litigation. On

5

July 29, 2005, counsel filed Mr. al Wirghi's petition for habeas corpus relief (Docket Entry No. 1) shortly after becoming co-counsel with the Center of Constitutional Rights, which had obtained the necessary "next friend" authorization.  On August 31, 2005, instead of filing a factual return stating the basis for Mr. al Wirghi's detention, Respondents filed a Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination.  (Docket Entry No. 3.)  On December 1, 2005, Mr. al Wirghi filed an amended petition through his "Next Friend" and mother Tawiss bint Hasan al Wirghi.  (Docket Entry No. 10.)

Although Respondents conceded proper "next friend" standing, they nevertheless refused to consent to entry of the Protective Order.  Consequently, on February 28, 2006, Petitioners filed a Motion for Entry of Protective Order.  (Docket Entry No. 13.)  Without the Protective Order, counsel were unable to meet with Mr. al Wirghi or communicate with him by privileged mail.  For seven months, counsel were denied any meaningful contact with Mr. al Wirghi.  On September 28, 2006, the Court entered the Protective Order and stayed the case.  (Docket Entry No. 27.)

In light of Respondents' attempts to frustrate the attorney-client relationship, the need for a stay is particularly compelling because the existing Protective Order provides the only basis upon which the Government has permitted Mr. al Wirghi to communicate with his counsel.  Staying this case and holding it in abeyance will permit Mr. al Wirghi to pursue DTA remedies through counsel with whom he can communicate.

### B.     Dismissal of Petitioners' Habeas Petition Would Cause Irreparable Harm.

In denying certiorari in *Boumediene* II, Justices Kennedy and Stevens expressly charged courts, including this one, with a watchdog role. In the event that the Government were to "take additional steps to prejudice the position of petitioners in seeking review in this court," courts were tasked with "[acting] promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised." *Boumediene II*, 127 S. Ct. at 1478 (quoting *Padilla* v. *Hanft*, 126 S. Ct. 1649, 1650 (2006)). Failure to issue a stay-and-abey order would cause irreparable harm to Petitioners.

In their Motion to Dismiss, Respondents seek dismissal not only of the habeas petition but also the Protective Order and other access-related orders. In their place, Respondents seek to implement a new protective order, which would inevitably chill the attorney-client relationship. Under the Government's proposed new order at the Court of Appeals level, all legal mail from counsel to Mr. al Wirghi would be subject to screening and redaction by Department of Defense employees, counsel would be restricted to three visits with their clients, and Department of Defense officials would have unilateral authority to decide whether to permit counsel to see the evidence used to justify a prisoner's enemy combatant designation. (*See Bismullah* v. *Rumsfeld*, No. 06-1197 (D.C. Cir. April 9, 2007) Brief for Respondent Addressing Preliminary Motions at 42-46.)

Negotiating a new protective order could drag on for months; meanwhile, in the absence of a Protective Order, Respondents could deny counsel all access to their clients. Indeed, without the Protective Order in place, there is no legal mail channel,

there is no privileged communication between attorney and client, and base visits would be curtailed or eliminated. In short, counsel would be unable to provide the Court of Appeals with sufficient factual information to make a balanced and informed decision regarding the merits of their DTA Petition.

While jurisdictional issues are being addressed, it is within the discretion of this Court to maintain the status quo with respect to the Protective Order to ensure that communications between counsel and their client are not summarily terminated by a statute whose constitutionality continues to be litigated.

**II.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THE PETITION TO THE D.C. CIRCUIT COURT OF APPEALS FOR CONSIDERATION UNDER THE DTA.**

If the Court determines that it lacks jurisdiction over this case and declines to enter a stay, Petitioners request a transfer of this habeas action to the Court of Appeals pursuant to 28 U.S.C. § 1631 for consolidation with Mr. al Wirghi's DTA action (to be filed on May 15, 2007). In effecting such a transfer, Petitioners further request that the Court's transfer order expressly maintain the Protective Order to facilitate attorney-client communications and afford Mr. al Wirghi the opportunity to participate in the preparation of his DTA submission, pending the Court of Appeals' decision on how these proceedings should be governed. In light of the shifting scope of federal jurisdiction, this Court should ensure that there is no gap in governing procedures until the Court of Appeals can fully consider these matters.

**CONCLUSION**

For the foregoing reasons, this Court should deny Respondents' Motion to Dismiss and enter an order preserving the status quo by continuing its stay of litigation

8

going to the merits of the pending petition for a writ of habeas corpus and holding such litigation in abeyance pending the outcome of the Petitioners' DTA petition. In the alternative, this Court should transfer their habeas action to the Court of Appeals pursuant to 28 U.S.C. § 1631 for consolidation with Mr. al Wirghi's DTA action (to be filed on May 15, 2007) while maintaining the current Protective Order.

Dated:  May 3, 2007

Respectfully submitted,

\_\_\_\_/s/ Michael A. Cooper_____
Michael A. Cooper
Suhana S. Han
125 Broad Street
New York, New York  10004
Tel. (212) 558-4000
Fax: (212) 558-3588

*Counsel for Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi*

Of Counsel
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Tel: (212) 614-6439
Fax: (212) 614-6499