UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
  IN RE:                                    :     Misc. No. 08-442 (TFH)
                                            :
  GUANTANAMO BAY                            :     Civil Action No. 05-1497 (RCL)
  DETAINEE LITIGATION                       :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**POST-CONFERENCE SUBMISSION ON BEHALF OF**
**PETITIONER EL OUERGHI**


On behalf of Adel El Ouerghi (ISN 502), the petitioner in the habeas corpus proceeding captioned 05-cv-1497 (RCL) (D.D.C.), we write in response to the Court's suggestion at the July 8, 2008 status conference that it may be advisable to group, at least provisionally, cases in which the petitioners have been cleared for release by the United States Department of Defense.  We believe that the foregoing suggestion is worth exploring if (i) conditions are established that are conducive to the realization of the safe resettlement of these detainees, and (ii) to the extent that any such coordination impedes timely pursuit of an individualized habeas hearing, the petitioners reserve the right to opt out of the diplomatic initiative and pursue their constitutional right to habeas corpus if they are not resettled within four months.

The reasons supporting the foregoing proposals become more clear against the following background.  Mr. El Ouerghi has been detained at Guantánamo Bay since May 1, 2002 and remains there today.  The Department of Defense served notice five months ago that Mr. El Ouerghi had "been approved to leave Guantánamo, subject to the

process of making appropriate diplomatic arrangements for his departure." Mr. El Ouerghi is concerned, however, that such arrangements may result in his repatriation to Tunisia. Although Mr. El Ouerghi was born in Tunisia, he has not stepped foot in that country for 18 or 19 years. While he was detained at the Guantánamo Bay Naval Station, a Tunisian court sentenced him in absentia, in a proceeding of which he had no notice, to a prison term of 20 years.

Two other Tunisian detainees, upon their return in June 2007, were physically tortured and sentenced to prison terms after sham trials, in at least one of which no evidence at all was offered.[1]  Tunisia has been found by the U.S. Department of State to be an habitual violator of human rights[2], yet in the case of the two detainees just referred to, the United States reportedly received and relied upon assurances that the detainees would not be tortured on their return. Mr. El Ouerghi fears a similar fate if he is returned to Tunisia.[3]

---

[1] *See* Bouazza Ben Bouazza, *Ex-Gitmo Detainee Convicted in Tunisia*, ASSOCIATED PRESS (Oct. 24, 2007).

[2] U.S. DEP'T OF STATE, TUNISIA: COUNTRY REPORTS ON HUMAN RIGHTS PRACTICES – 2007 (Mar. 11, 2008), *available at* http://www.state.gov/g/drl/rls/hrrpt/2007/100607.htm.

[3] We note that there has already been litigation in this and other uncoordinated cases regarding the unlawfulness of return to Tunisia. On April 11, 2008, Judge Lamberth ordered the Government to give petitioner's counsel thirty days' notice before releasing Mr. El Ouerghi from Guantánamo, and to specify at such time the country to which they propose to return Mr. El Ouerghi. Judge Lamberth postponed deciding petitioner's fully briefed motion for a preliminary injunction preventing Mr. El Ouerghi's return to Tunisia, instead allowing petitioner to renew that motion upon receipt of the Government's 30-day notice. One court has reached the latter issue and enjoined the Government from returning a petitioner to Tunisia. *Alhami* v. *Bush*, No. 05-359 (GK), slip op. (D.D.C. Oct. 2, 2007).

Against this background, we respectfully submit, a resettlement solution for the plight of Tunisian and other detainees who have been authorized for release must be pursued with caution and with the full weight of the authority of the United States Government and this Court. Specifically, we believe that the Court should invite the Legal Advisor of the Department of State to meet with the Court to begin to map out a procedure having as its goal the transfer of these detainees to countries where their safety is assured. We further believe that the Court should discuss with the Legal Advisor and/or a senior official of the Department of Justice appointing a respected retired diplomat to assist in this process.

The pursuit of a resettlement solution involving diplomacy and the good offices of this Court should not leave detainees in limbo indefinitely. Some, including our client, are in their seventh year of detention—effectively in solitary confinement. To the extent that coordination of the cases of cleared detainees who fear repatriation limits their ability to pursue individual habeas hearings, they should be given the right, at any point after an appropriate period of time, such as four months, to opt out of the diplomatic process and reassert their constitutional right to a prompt habeas hearing.

Absent repatriation to a country that will take Mr. El Ouerghi in the near future, Mr. El Ouerghi's right to an individualized habeas hearing remains vital to him. His designation as an enemy combatant impacts the likelihood that countries would accept Mr. El Ouerghi. Given the consequent uncertainty of a diplomatic solution, we request that Your Honor *not* impose any coordination that would deprive Mr. El Ouerghi of the opportunity to have a habeas hearing

      We hope the Court finds our proposals to have merit and will gladly play any role the Court believes would assist in seeking a prompt and satisfactory resolution for Mr. El Ouerghi.

Dated: July 9, 2008

Respectfully submitted,

   /s/ Michael A. Cooper
Michael A. Cooper
Suhana S. Han
Jessica M. Klein
125 Broad Street
New York, New York  10004
Tel. (212) 558-4000
Fax: (212) 558-3588

*Counsel for Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi*

Of Counsel
Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Tel: (212) 614-6439
Fax: (212) 614-6499