UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL -7 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ADIL BIN MUHAMMED AL WIRGHI, )
)
Petitioner, )
)
v. ) Civil No. 05-1497 (RCL)
)
BARACK OBAMA, *et al.*, )
)
Respondents. )
)

MEMORANDUM OPINION

Petitioner Adil Bin Muhammad Al Wirghi has been detained as an enemy belligerent at the detention facility at Guantanamo Bay, Cuba for more than eleven years. Two Presidents have cleared petitioner for transfer from Guantanamo; however, the complex diplomatic negotiations to effectuate that transfer have been ongoing for six years. The petitioner has moved this Court for an order of release. Upon consideration of that motion [206] and the government's Opposition thereto [208], and for the reasons stated in *Ahjam v. Obama*, Civ. No. 09-745, 2014 WL 1399021 (D.D.C. Apr. 8, 2014), the Court DENIES the petitioner's motion.

I. BACKGROUND

Following the events of September 11, 2001, Congress granted the President authority "to use all necessary and appropriate force against those . . . persons he determines planned, authorized, committed, or aided the terrorist attacks . . . in order to prevent any future acts of international terrorism against the United States by such . . . persons." Authorization for Use of Military Force, Pub. L. 107–40, § 2(a), 115 Stat 224 (2001) [hereinafter AUMF]. The President's authority under the AUMF is limited by the privilege of habeas corpus, which "entitles the

prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (internal citations and quotations omitted). In addition to this judicial check on the President's detention authority, the two most recent Presidents have, in their own discretion, determined that continued detention of certain detainees is not in the national security or foreign policy interests of the United States.

President George W. Bush established Administrative Review Boards to assess "annually the need to continue to detain each enemy combatant." *Boumediene*, 553 U.S. at 821 (Roberts, C.J., dissenting). Each assessment resulted in a recommendation to "release, transfer, or continue to detain each enemy combatant." Memorandum for Secretaries of the Military Departments, Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba, *available at* http://www.defense.gov/news/Aug2006/d20060809ARBProceduresMemo.pdf (last visited May 16, 2014). Significantly, a decision to release or transfer a detainee "does not equate to a determination that [the detainee] is not an enemy combatant, nor is it a determination that [the detainee] does not pose a threat to the United States or its allies." Pet'r Mot. for Order of Release, ECF No. 206, Ex 1.

President Barack Obama replaced the Administrative Review Boards with the Guantanamo Review Task Force ("Task Force"), which was charged with determining the propriety of transfer, release, or criminal prosecution for each Guantanamo detainee. Exec. Order No. 13492, 74 Fed. Reg. 4897, 4899 (Jan. 22, 2009). On January 22, 2010, the Task Force published its final report identifying 126 detainees as candidates for transfer to receiving countries. Guantanamo Review Task Force, Final Report, at ii (2010), *available at*

http://www.justice.gov/ag/guantanamo-review-final-report.pdf (last visited May 16, 2014). The Report warned that the transfer process involves "lengthy and complicated" diplomatic negotiations and "often has been influenced by political and other issues in potential resettlement countries (e.g., public perceptions of current and past U.S. detention policies), third-country views (and sometimes pressure) with respect to detainee resettlement, and public views of the Guantanamo detention facility generally." *Id.* at 27.

### A. Petitioner's Habeas Petition & Transfer Negotiations

Mr. Al Wirghi petitioned this Court for a writ of habeas corpus challenging the legality of his detention in 2005. In 2008, an Administrative Review Board cleared the petitioner for transfer, and the Task Force made the same determination in 2009. In May 2009, hopeful that his transfer was forthcoming, the petitioner joined with the government in a motion to stay the habeas proceedings. Joint Mot. for Stay, ECF No. 151. The Court granted that motion. The petitioner has not requested that the court reopen those proceedings to examine the legality of his detention under the AUMF. Rather, the petitioner filed the present motion for an order of release, arguing that, in light of his clearance for transfer, his detention (1) violates due process because it is arbitrary and indefinite, and (2) is not permitted by the AUMF because the government has acknowledged that he no longer poses a threat to the United States. For the reasons stated below, the Court disagrees.

## II. DISCUSSION

The Court's decision in this matter is controlled by its recent opinion in *Ahjam v. Obama*, Civ. No. 09-745, 2014 WL 1399021 (D.D.C. Apr. 8, 2014). There, the Court held that a Guantanamo detainee cleared for transfer by the Task Force lacked standing to challenge the 2013 and 2014 National Defense Authorization Acts, which imposed prerequisites for transfers, as unconstitutional interferences by Congress into the President's control of foreign affairs.

3

Standing requires invasion of a judicially cognizable interest, and lawfully detained enemy belligerents have no such interest in whether or how the President exercises his discretion to transfer detainees. As such, although Mr. Al Wirghi raises a different substantive challenge to his detention—namely, a violation of the Due Process Clause rather than the unconstitutional infringement on the President's control of foreign affairs alleged in *Ahjam*—he lacks standing for the same reason. The Court therefore denies the petitioner's motion for the reasons stated in *Ahjam*. For the sake of comprehensiveness, however, the Court will briefly address the two main arguments raised by the petitioner's motion.

First, Mr. Al Wirghi's detention is not unconstitutionally indefinite. Barring a judicial or Executive finding that his detention is inconsistent with the AUMF, the petitioner may be properly detained "for the duration of the relevant conflict." *Hamdi v. Rumsfeld*, 542 U.S. 507, 521 (2004) (plurality opinion); *see also Ali v. Obama*, 736 F.3d 542, 544 (D.C. Cir. 2013) ("Detention under the AUMF may last for the duration of hostilities."). And, as recently as December of 2013, the Court of Appeals held that

> The war against al Qaeda, the Taliban, and associated forces obviously continues. Congress and the President may choose to make long-term military detention subject to different, higher standards. Indeed, for many years now, under the direction of two Presidents, the Executive Branch has unilaterally conducted periodic reviews and released or transferred to foreign countries a large number—in fact, the vast majority—of Guantanamo detainees. . . . But absent a statute that imposes a time limit or creates a sliding-scale standard that becomes more stringent over time, it is not the Judiciary's proper role to devise a novel detention standard that varies with the length of detention.

*Ali*, 736 F.3d at 552.

Second, the petitioner's contention that his detention is "arbitrary because the government concedes it no longer needs to hold him," Pet'r Mot. 10, is false. The government has made no such concession. Indeed, the email that notified petitioner of his clearance for

4

transfer by the Administrative Review Board stated that the decision "does not equate to a determination that [Al Wirghi] is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States." Pet'r Mot., Ex. 1. Likewise, the Task Force Report emphasized that "that a decision to approve a detainee for transfer does not reflect a decision that the detainee poses no threat or no risk of recidivism," but instead represents a judgment that "that any threat posed by the detainee can be sufficiently mitigated through feasible and appropriate security measures in the receiving country." Task Force Report at 17. ▮

For the foregoing reasons, the Court DENIES the petitioner's motion for an order of release.

A separate Order consistent with this Memorandum Opinion shall issue this date.

7/3/14
Date

ROYCE C. LAMBERTH
Judge
United States District Court for the District of Columbia